In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-1881

IN RE: SOFIA KATSMAN,

*Debtor.*

VLADIMIR SKAVYSH,

*Plaintiff-Appellee,*

*v.*

SOFIA KATSMAN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 3807 — **Charles R. Norgle**, *Judge.*

ARGUED SEPTEMBER 23, 2014 — DECIDED NOVEMBER 19, 2014

Before POSNER, ROVNER, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* Sofia Katsman, represented by a lawyer named David Freydin, filed for bankruptcy under Chapter 7 of the Bankruptcy Code. After she filed Schedule F of the bankruptcy petition—the schedule on which the debt-

or is required to list the names of (and other relevant information concerning) "all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition," the trustee in bankruptcy reported that no assets were available for distribution to the creditors from the estate in bankruptcy. The usual result of such a report is the discharge of the debtor from bankruptcy, wiping out the creditors' claims.

But before discharge could be ordered, Vladimir Skavysh, the son of the debtor's ex-husband, filed an adversary proceeding in the bankruptcy challenging the discharge of the debtor. See Rule 7001(4) of the Federal Rules of Bankruptcy Procedure. He invoked a provision of the Bankruptcy Code that denies discharge if "the debtor knowingly and fraudulently, in or in connection with the case[,] made a false oath or account." 11 U.S.C. § 727(a)(4)(A). Skavysh's objective was, by persuading the bankruptcy court to deny discharge, to enable Katsman's creditors, of whom Skavysh is one, to enforce their claims against her. The bankruptcy judge conducted a trial of Skavysh's objection to discharge and concluded that although there were omissions in Katsman's schedules, they were not fraudulent. The only witness at the trial was Katsman, and the judge decided that her testimony had been truthful.

The judge's rejection of Skavysh's objection to discharge was not a final order in the bankruptcy proceeding as a whole, but it was a final order with respect to the adversary proceeding between Skavysh and Katsman. And as explained in *Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008), "an order [that] resolves a discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit

by or against the trustee" in bankruptcy is deemed final and therefore appealable under 28 U.S.C. § 158(a)(1). Otherwise, because bankruptcy proceedings can drag out for a very long time, the resolution of entirely separable disputes embedded in the overall proceeding would often be long delayed for no good reason.

So Skavysh was able to appeal the bankruptcy judge's order to the district court. The district judge reversed and ruled that Skavysh's objection was valid and that Katsman therefore was not entitled to a discharge. She appeals the district court's ruling to us, pursuant to 28 U.S.C. § 158(d)(1).

She admitted at the trial in the bankruptcy court that she had deliberately omitted four creditors from her Schedule F. They were friends and family members who had lent her money for food, shelter, and legal expenses while she was going through an acrimonious divorce from Skavysh's father. She hoped to repay these loans, and she testified that "I couldn't include them [in the Schedule F list of creditors] … and never pay them." Not so. After she was discharged, she could pay anyone anything. If she didn't know that, her lawyer did. But her motive for not listing the four creditors remains obscure—and, as we'll see, irrelevant.

Her filings in the bankruptcy court contained other questionable omissions. Skavysh was not listed as a creditor. He was ex-family, but no friend. The debtor failed to list property that she owned jointly with her ex-husband, including her home in Indiana and a time share in Las Vegas. She omitted alimony payments that she received from her ex. She had excuses for all these omissions, as she did for the failure to list the five creditors (Skavysh, plus the four friends and family members whom she intended to pay back). But given

that she was represented by a lawyer who was said by the district judge without contradiction to be competent, it is impossible to take her testimony at face value. It is particularly striking that the lawyer who handled her bankruptcy did not testify at the trial and does not represent her in this court. His absence reinforces the inference that her many false statements bespeak a pattern of reckless indifference to the truth, implying fraudulent intent. *Stamat v. Neary*, 635 F.3d 974, 982 (7th Cir. 2011). The bankruptcy judge missed the pattern.

The bankruptcy judge's ruling in favor of Katsman was further vitiated by a misunderstanding of "fraudulently … ma[king] a false oath or account" in 11 U.S.C. § 727(a)(4)(A). The bankruptcy judge thought that Katsman couldn't have violated the statute unless she had intended by her false statements to obtain a pecuniary benefit rather than, as appears to be the case, merely to benefit one group of creditors over another for personal reasons. As explained in *United States v. Gellene*, 182 F.3d 578, 586–87 (7th Cir. 1999), "fraudulent" in bankruptcy law includes "inten[ding] to deceive," which need not connote intending to obtain a pecuniary benefit. *United States v. Sabbeth*, 262 F.3d 207, 217 (2d Cir. 2001); *Collier on Bankruptcy* ¶ 7.02[1][a][iv][B] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010). Although Katsman is an immigrant and English is not her native tongue, she knows English and had as we said competent counsel, who doubtless advised her (or if asked by her would have advised her) to list all her creditors. She did not list them all. Conceivably she did not understand the legal meaning of "creditor," and thought someone she hoped to repay in the future was therefore not a creditor. But failing to seek advice of counsel, while knowing that she lacked legal

training or knowledge, bespoke a reckless indifference to truth, and no more is required for fraudulent intent in bankruptcy.

It is true that even a deception must be material to the bankruptcy proceeding to be a ground for refusal to discharge the debtor. *Stamat v. Neary*, *supra*, 635 F.3d at 978. And it might seem that Katsman's deceptive omission of certain creditors from her Schedule F was immaterial because, had she listed on the schedule the family-and-friend creditors whom she wanted to repay, her debts would still have been discharged in bankruptcy and having thus received her "fresh start" she would be free to repay those creditors from new earnings. But such an argument if accepted would mean that a no-asset debtor wouldn't have to so much as submit a Schedule F, because the creditors he would list on it could recover nothing from the estate in bankruptcy—there would be no estate. That can't be right. A bankruptcy proceeding can't be concluded without knowledge of who the debtor's creditors are, unless omitting to mention them would be immaterial, *United States v. Key*, 859 F.2d 1257, 1260–61 (7th Cir. 1988); *United States v. Lindholm*, 24 F.3d 1078, 1083–84 (9th Cir. 1994), which it would be only if the amount owed them was utterly trivial. *Collier on Bankruptcy*, *supra*, ¶ 727.04[1][b]. That was not the case here.

AFFIRMED.